Ruth COPELAND et al., Plaintiffs-
Appellants,

v.

SOUTH BEND COMMUNITY SCHOOL
CORPORATION et al., Defendants-
Appellees.

No. 16027.

United States Court of Appeals
Seventh Circuit.

May 8, 1967.

Charles H. Wills, South Bend, Ind., Robert L. Carter, Lewis M. Steel, New York City, J. Chester Allen, Jr., South Bend, Ind., Thomas F. Broden, Jr., Law School, University of Notre Dame, Notre Dame, Ind., for appellant.

Louis C. Chapleau, Arthur J. Perry, South Bend, Ind., for appellee.

Before KNOCH, KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

On April 20, 1966, plaintiffs, Negro school children attending Linden School in South Bend, Indiana, filed suit for declaratory judgment and permanent and temporary injunctive relief based on claims that defendants acting under color of Indiana law proposed replacement of Linden School in a way alleged to be intended to continue, and create, segregation of Negro children, in denial of equal protection of laws guaranteed by the Fourteenth Amendment. Issue was joined and discovery is proceeding under a schedule approved by the district court in that proceeding.

On December 9, 1966, a ceiling in a Linden classroom collapsed while school was in session, but with no injury to anyone. The school was thereafter closed before the regular Christmas recess. On December 22, 1966, plaintiffs filed a motion, under the basic suit, with a supporting affidavit, for a preliminary injunction to prevent opening of the school after the Christmas recess on the grounds that it was "both unsafe and completely inadequate as a school structure." The court ordered a hearing on

the motion and heard evidence on December 30 and 31, 1966, which included expert testimony by both parties, directed to the question of safety of the school for continued use, and heard arguments of counsel.

The court rendered an exhaustive oral opinion which concluded "that the Linden School building is safe for the proposed continued occupancy." Formal findings of specific fact, the ultimate findings pursuant to Rule 52(a), and conclusions of law, and judgment anticipated in the oral opinion, followed.

The appeal before us is taken from that judgment under 28 U.S.C. § 1292(a) (1), and our review is limited to determining whether the district court's ruling was an abuse of discretion. Graham v. Triangle Publishing Inc., 344 F.2d 775, 776 (3d Cir. 1965).

We have studied the briefs, heard oral arguments and conferred upon the records and issue. Plaintiffs have not shown in this court that the findings of the district court underlying the denial of the preliminary injunction are "clearly erroneous." This we think is the only question before us, since if the judgment is based on findings having substantial evidentiary support, there is no abuse of discretion in the district court's ruling.

The specific findings, with a substantial basis in the evidence, support the ultimate findings that the Linden School is both structurally and otherwise sound and safe and does not constitute a safety or health hazard, that no overcrowding condition exists, and that the school is "safe and suitable for continued occupancy by its regularly enrolled students." The ultimate finding supports the conclusion that no constitutional rights of plaintiffs were denied by reason of the issue raised by the motion for preliminary injunction. The judgment denying the preliminary injunction is justified upon the findings and conclusion.

Affirmed.